# HANS A. HALVORSON v. SOPHIA SOLBERG.[1]

April 20, 1923.

No. 23,295.

**Verdict as to ownership of money sustained by evidence.**
1. The verdict in defendant's favor in an action for the conversion of money claimed by plaintiff was supported by the evidence which tended to show that the money did not belong to plaintiff but to his wife.

**Admission of testimony not prejudicial.**
2. There was no prejudicial error in the admission of evidence that the wife requested defendant to go to the place where the money was kept and get it.

Action for conversion in the district court for Yellow Medicine county to recover $585. The case was tried before Daly, J., who when plaintiff rested denied his motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or a new trial, plaintiff appealed. Affirmed.

*Paul D. Stratton* and *Bert O. Loe,* for appellant.

*C. A. Fosnes* and *John C. Haave,* for respondent.

LEES, C.

Appeal from an order denying a new trial of an action for the alleged conversion of $575 in money. The defense was that the money belonged to plaintiff's wife and not to him. A trial by jury resulted in a verdict in defendant's favor.

Plaintiff was the husband of Lena Halvorson. Defendant was Mrs. Halvorson's sister. The Halvorsons lived on a farm near Montevideo in this state. Mrs. Halvorson became ill and was taken to the hospital at Montevideo, where she died on January 7, 1922. Two days after she entered the hospital, plaintiff and defendant went to

[1]Reported in 193 N. W. 167.

the farm to get certain articles Mrs. Halvorson wanted. She had a trunk containing some of her personal belongings and a pasteboard box in which the money involved in this litigation was kept. She had the key to the trunk at the hospital and gave it to defendant, who took it with her on the trip to the farm. Defendant opened the trunk in plaintiff's presence and took out the box containing the money. Plaintiff made some remark about it, to which defendant replied that her sister had asked her to bring the box to her. Nothing more was said about it. Defendant placed the box in a suitcase with other articles, and took the suitcase to her sister's room in the hospital. Mrs. Pitts, another sister, was there and the money was taken out while the three women were together and left in defendant's possession. Later, she turned it over to Mrs. Pitts' husband, who was named as executor in Mrs. Halvorson's will.

Plaintiff claims the money, asserting that it was kept in his wife's trunk for his and her common use; that the key to the trunk was kept in the house, both he and she having access to it; that, although his wife had some money of her own, all of it was represented by notes or bank certificates of deposit; that he distrusted banks in consequence of a failure of one of them in the locality where he lived and thereafter kept his money at home. His testimony as to the sum of money he had on hand, how it was kept, and as to the contents of the pasteboard box, was somewhat vague and indefinite. There was testimony that before the bank failure and prior to the time when plaintiff began to keep his money at home Mrs. Halvorson had opened her trunk and taken out the box in the presence of Mrs. Pitts, who testified that it then contained $300 or $400.

The foregoing is a bare outline of the evidence. Plaintiff contends that it required the jury to find in his favor. We do not sustain the contention. Facts and circumstances were shown which would warrant a jury in finding that the money belonged to Mrs. Halvorson and that in taking it defendant was not guilty of a conversion of money belonging to plaintiff.

Over plaintiff's objection, a nurse who attended Mrs. Halvorson was permitted to testify that she heard her tell defendant to take

the key to the trunk and go out to the farm and get the money. The objection was that this was hearsay, self-serving, and not binding on plaintiff. We do not stop to inquire whether the objection was well taken. No possible prejudice to plaintiff resulted from the admission of this evidence. Both parties agree that the money was taken in the presence and with the knowledge of plaintiff and that defendant told him she took it because her sister had asked her to do so. The nurse did not testify that Mrs. Halvorson had said the money was hers. She merely referred to it as the money which was in the trunk out at the farm.

Order affirmed.